**CHADBOURNE & PARKE LLP**
Attorneys for the Foreign Representatives
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100
Howard Seife
Andrew Rosenblatt
Eric Daucher

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                                              :
                                                                                         :
PIONEER FREIGHT FUTURES COMPANY       :     Chapter 15
LIMITED,                                                                   :
                                                                                         :
                                                                                         :
Debtor in a Foreign Proceeding.                            :     Case No. 13-12324 (REG)
---------------------------------------------------------------- x

**SUPPLEMENTAL MOTION FOR LEAVE TO CONDUCT DISCOVERY
PURSUANT TO 11 U.S.C. §§ 105(A), 1507(A), 1521(A)(4) AND 1521(A)(7) AND
RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Mark Richard Byers and Mark McDonald, in their capacity as joint liquidators (the "Foreign Representatives") of Pioneer Freight Futures Company Limited (the "Company")[1] and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), through their United States counsel, Chadbourne & Parke LLP, file this Supplemental Motion (the "Motion") for Leave to Conduct Discovery Pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1521(a)(4) and 1521(a)(7) and Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and respectfully represent as follows:

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding* [D.E. 2] (the "Verified Petition").

**PRELIMINARY STATEMENT**

1. On August 23, 2013, this Court entered an order, a copy of which is attached hereto as Exhibit "A," granting recognition to the Company's British Virgin Islands ("BVI") liquidation proceeding (the "BVI Proceeding") as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code. One of the principal purposes of the Foreign Representatives in seeking recognition of the BVI Proceeding was to enable them to obtain assistance from this Court in connection with the Foreign Representatives' investigation of the collapse of the Company and of its related financial affairs. As discussed during the August 22, 2013 hearing at which this Court considered whether to grant recognition to the BVI Proceeding, the Foreign Representatives have determined that they require discovery from a number of intermediary banks in this judicial district in order to reconstruct an accurate account of the Company's financial affairs and to otherwise properly administer the Company's BVI estate.

2. On October 25, 2013, the Foreign Representatives filed their first Motion for Leave to Conduct Discovery Pursuant to 11 U.S.C. §§ 105(a), 1507(a) and 1521(a)(4) and Rule 2004 of the Federal Rules of Bankruptcy Procedure [D.E. 16] (the "Initial Discovery Motion"). Through the Initial Discovery Motion, the Foreign Representatives sought authorization to conduct discovery of a number of intermediary banks located in the United States (the "Initial Intermediary Banks") for the purpose of assessing the existence and scope of transfers of funds from and to (i) the Company, (ii) certain entities that may be connected with the Company and (iii) Marine Trade SA ("Marine Trade"), one of the Company's forward freight agreement counterparties.

3. On November 20, 2013, this Court granted the Initial Discovery Motion and entered its *Order Granting Leave to Conduct Discovery Pursuant to 11 U.S.C. §§ 105(a),*

*1507(a) and 1521(a)(4) and Rule 2004 of the Federal Rules of Bankruptcy Procedure* [D.E. 18] (the "Initial Discovery Order").

4. The discovery produced by the Initial Intermediary Banks in response to the Initial Discovery Order has been helpful to the Foreign Representatives' investigation. In particular, it has permitted the Foreign Representatives to track certain monies relating to the Company that flowed through United States banks, thereby illuminating the Company's corporate structure, financial affairs and condition, and actual and potential causes of action.

5. However, the Foreign Representatives have now identified additional financial institutions located in the United States that may possess relevant wire transfer information. Accordingly, the Foreign Representatives have filed this supplemental Motion seeking discovery from these additional institutions. The scope of the discovery sought in this Motion is identical to what was sought in the Initial Discovery Motion and approved by this Court through the Initial Discovery Order. Accordingly, the Foreign Representatives do not believe that there should be any dispute as to the propriety of the relief requested.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.) dated January 31, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. §§ 1409, 1410. The statutory predicates underlying the relief requested in this Motion are Bankruptcy Code sections 105(a), 1507(a), 1521(a)(4) and 1521(a)(7) and Rule 2004.

## BACKGROUND

7. The Court is respectfully referred to the Verified Petition and the Declaration of Mark Richard Byers, dated as of October 25, 2013 [Docket No. 17] (the "Byers Declaration"), for the relevant background for this Motion.

## RELIEF REQUESTED

8. By this Motion, the Foreign Representatives request entry of an order, substantially in the form attached hereto as Exhibit "B," (i) authorizing the Foreign Representatives to take discovery (the "Requested Discovery") from the financial institutions listed on Exhibit "C" hereto (collectively, the "Intermediary Banks"), which act as intermediaries for wire transfers through the United States Federal Reserve Wire Network (which is generally referred to as the Fedwire system) and (ii) approving the proposed form of document request attached hereto as Exhibit "D." As reflected on Exhibit D, the Foreign Representatives seek three principal types of discovery from the Intermediary Banks.

9. First, the Foreign Representatives seek the production of all documents reflecting wire transfers to or from the Company that occurred during the period running from January 1, 2008 through December 17, 2009. As described in the Verified Petition, upon the Foreign Representatives' appointment as the Company's joint provisional liquidators (and later as their official liquidators), the Company provided the Foreign Representatives with only an incomplete set of the Company's books and records. While the Foreign Representatives have gone to significant lengths to obtain bank statements, margin account information and broker documents relating to the Company's business, only a small portion of the Company's books and records have been recovered to date. However, the Foreign Representatives know that the Company engaged in numerous U.S. Dollar-denominated wire transfers that would, as a result of the Fedwire system, likely have passed through the Intermediary Banks in the United States.

Authorizing the Foreign Representatives to take discovery from the Intermediary Banks with respect to such wire transfers will assist the Foreign Representatives' efforts to reconstruct an accurate record of the Company's financial dealings.

10. Second, the Foreign Representatives seek production of all documents reflecting wire transfers that occurred during the period running from January 1, 2008 through December 17, 2009 as to which both the transferor and the recipient of the wire transfer was one of the entities potentially connected with the Pioneer Group listed on Exhibit "E" hereto (collectively, the "Potentially Connected Entities"). In the period leading up to the commencement of the BVI Proceeding, the Company engaged in a number of suspicious transactions with Potentially Connected Entities, including the partial prepayment of a substantial unsecured loan approximately two weeks before the Company was placed into provisional liquidation. Authorizing the Foreign Representatives to take discovery from the Intermediary Banks with respect to wire transfers among the Potentially Connected Entities will: (i) allow the Foreign Representatives to determine the extent of the relationships between the Potentially Connected Entities; (ii) bolster the Foreign Representatives' understanding of the global Pioneer group corporate structure; and (iii) assist the Foreign Representatives in determining what, if any, actions should be taken with respect to the suspicious transactions that they have identified.

11. Third, the Foreign Representatives seek the production of all documents reflecting wire transfers to or from Marine Trade that occurred during the period running from May 1, 2007 through the present. As described in the Byers Declaration, Marine Trade owes the Company in excess of US$93 million. Although the Foreign Representatives have demanded payment of this amount from Marine Trade, no payment has been made and Marine Trade has failed to formally respond to the Foreign Representatives' correspondence. Moreover, based on

current market intelligence, the Foreign Representatives believe that Marine Trade has ceased trading and may be in the process of winding down. Authorizing the Foreign Representatives to take discovery from the Intermediary Banks with respect to wire transfers to or from Marine Trade will assist the Foreign Representatives in determining whether they should continue their efforts to collect amounts owed by Marine Trade and how best to pursue such collection efforts.

12. Additionally, the Foreign Representatives believe that Marine Trade may operate as the alter-ego of an Italian shipping company known as Rizzo-Bottiglieri-De Carlini Armatori S.p.A. ("<u>RBDA</u>"). Authorizing the Foreign Representatives to take discovery from the Intermediary Banks with respect to wire transfers to or from Marine Trade will assist the Foreign Representatives in determining whether RBDA is in fact an alter ego of Marine Trade and therefore whether RBDA may provide an alternative source of recovery for amounts owed by Marine Trade.

**ARGUMENT**

**I.    The Requested Discovery Should be Authorized under
Bankruptcy Code Sections 1521(a)(4) and 1521(a)(7)**

13. This Court has recognized the BVI Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code. <u>See</u> Ex. A. Upon such recognition, section 1521(a)(4) of the Bankruptcy Code provides that the Court may enter an order providing for "the taking of evidence of delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a)(4). As this Court has explained, section 1521(a)(4) "enables a Foreign Representative to take broad discovery concerning the property and affairs of a [foreign] debtor." <u>In re Millennium Global Emerging Credit Master Fund Ltd.</u>,

471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012).[2]  Indeed, this Court has previously approved intermediary bank discovery in this case, as well as other Chapter 15 cases.  See, e.g., Initial Discovery Order; In re Britannia Bulkers A/S, No. 08-15187 (reg) (Bankr. S.D.N.Y. Apr. 30, 2010).

14. Here, the Requested Discovery directly concerns the "affairs" or "property" of the Company because the discovery is directly related to the Foreign Representatives' investigation into: (a) the Company's financial transactions; (b) the Company's financial relationship with its affiliates and the organizational structure of the Pioneer group of companies; and (c) the Company's actual and potential legal claims, which if successful will accrue to the benefit of the Company's creditors.  See Millennium, 471 B.R. at 346 (holding that records of fund transfers made by a third party "directly concern[ed] the financial 'affairs' of the debtors within the meaning of § 1521(a)(4)" and, additionally, that "because the requested discovery relates to potential causes of action the Liquidators may assert . . . it also concerns contingent property interests of the debtor Funds" within the meaning of section 1521(a)(4)); iXL Enterprises, Inc. v. GE Capital Corp., 167 Fed. Appx. 824, 827 n.2 (2d Cir. 2006) (cause of action is "property" of debtor).  Accordingly, this Court should authorize the Foreign Representatives to take the Requested Discovery from the Intermediary Banks pursuant to Bankruptcy Code sections 1521(a)(4) and 1521(a)(7).

---

[2] In addition, upon recognition of a foreign main proceeding, section 1521(a)(7) of the Bankruptcy Code permits this Court to grant a foreign representative "any additional relief that would be available to a trustee," subject to certain limitations that are not relevant here.

7

**II.    The Requested Discovery Should be Authorized
Pursuant to Rule 2004 and Bankruptcy Code Section 1507**

15.    Alternatively, this Court should authorize the Foreign Representatives to conduct the Requested Discovery pursuant to Rule 2004 and Section 1507 of the Bankruptcy Code. Pursuant to section 1507(a) of the Bankruptcy Code, upon recognition of a foreign proceeding, this Court may "provide additional assistance to a foreign representative under [the Bankruptcy Code] or under other laws of the United States." 11 U.S.C. § 1507(a); see also Fogerty v. Petroquest Resources, Inc. (In re Condor Ins., Ltd.), 601 F.3d 319, 325 (5th Cir. 2010) ("under section 1507 the court has authority to provide additional assistance to a foreign representative"). As a result, upon recognition of a foreign proceeding, "[a]dditional assistance can be provided by making Bankruptcy Rule 2004 fully applicable" to the Chapter 15 case. Millennium, 471 B.R. at 346-47.

16.    Rule 2004 expressly provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Discovery is permissible under Rule 2004 if it relates "to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed R. Bankr. P. 2004(b).

17.    This Court should authorize the Requested Discovery because, as described above, the Requested Discovery relates to the acts, conduct, property, liabilities and financial condition of the Company's BVI estate, as well as the administration of the BVI estate. Without the Requested Discovery, the Foreign Representatives will be unable to accurately reconstruct the Company's financial history, will be limited in their ability to determine whether the Company improperly engaged in related-party transactions, and may be otherwise hindered in

8

their administration of the Company's BVI estate. Accordingly, discovery under Rule 2004 is both necessary and appropriate.

### NOTICE AND PRIOR REQUESTS FOR RELIEF

18. Notice of the Motion is being provided to each of the Intermediary Banks from whom the Requested Discovery is being sought, the Office of the United States Trustee and any party that has filed a request for notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Foreign Representatives submit that such notice is sufficient under the circumstances and that no other or further notice need be provided.

19. As noted above, on October 25, 2014, the Foreign Representatives filed the Initial Discovery Motion, seeking entry of an order authorizing them to take intermediary bank discovery in the United States from a specified group of financial institutions. On November 20, 2014, this Court granted the Initial Discovery Motion and entered the Initial Discovery Order. None of the Intermediary Banks from which discovery is sought by this Motion were the subject of the Initial Discovery Motion or the Initial Discovery Order. Accordingly, no prior request for the relief sought herein has been made, and none of the relief sought herein is duplicative of any relief already granted by this Court.

### CONCLUSION

20. WHEREFORE, the Foreign Representatives respectfully request that this Court (i) enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein, including authorizing the Foreign Representatives to conduct the Requested Discovery as set forth herein, and (ii) granting such other and further relief as this Court may deem just and proper.

CPAM: 6338748.4

Dated:   New York, New York
         July 18, 2014

                **CHADBOURNE & PARKE LLP**

                By:  /s/ Andrew Rosenblatt
                   Howard Seife
                   Andrew Rosenblatt
                   Members of the Firm
                   30 Rockefeller Plaza
                   New York, New York 10112
                   Telephone: (212) 408-5100

                *Attorneys for the Foreign Representatives*

CPAM: 6338748.4