**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                           :
                                                                :
PIONEER FREIGHT FUTURES COMPANY        :   Chapter 15
LIMITED,                                                       :
                                                                :
                                                                :
Debtor in a Foreign Proceeding.                 :   Case No. 13-12324 (REG)
---------------------------------------------------------------- x

## REQUEST FOR PRODUCTION OF DOCUMENTS
## PURSUANT TO BANKRUPTCY COURT ORDER

Pursuant to the order of the United States Bankruptcy Court for the Southern District of New York, dated August __, 2014, granting authorization to the joint liquidators (the "Foreign Representatives") of Pioneer Freight Futures Company, Limited (the "Company") to conduct discovery pursuant to 11 U.S.C. §§ 105(a), 1507(a), 1521(a)(4) and 1521(a)(7) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in accordance with the requests made below by the Foreign Representatives, [Intermediary Bank] (the "Producing Party") shall produce any and all documents and materials responsive to the requests below:

### INSTRUCTIONS

1. These document requests are intended to encompass each and every non-identical copy and draft of the documents requested, as well as all documents that are in the actual or constructive possession, custody or control of, or are available upon the request of the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, these requests for production shall be deemed to be continuing in character so as to require further and supplemental production of documents if the Producing Party obtains further or additional documents or material responsive to any of these requests.

3. Each document request should be construed independently, and not in reference to any other document request for purposes of limitation.

4. In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety without redaction. Documents that are segregated or separated from other documents, whether by inclusion and binders, files or sub-files, or by the use of dividers, tabs or any other method, shall be produced in that form. Documents shall be produced in the manner and order in which they are maintained in the ordinary and usual course of business, or shall be organized and labeled to correspond to particular document requests while maintaining for each group of responsive documents the manner and order in which they are maintained in the ordinary and usual course of business.

5. If the Producing Party objects to any particular portion of any request herein, it is required to produce documents in response to all other portions of such request as to which there is no objection.

6. As required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, if the Producing Party asserts a claim of attorney-client privilege, work product doctrine or any other privilege or immunity with respect to any document request or portion thereof, the objection shall identify the nature of the privilege or immunity being claimed and describe the nature of the

2

documents not produced or disclosed in a manner that will enable the Foreign Representatives to assess the claim of privilege or immunity, including: (i) the type of document (*e.g.*, letter, memorandum, report, etc.); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s) or sender(s) of the document; (e) the addressee(s) of the document; and (f) each person who received a copy of the document.

7. If any document or any portion thereof responsive to any request herein has been discarded or destroyed in whole or part, the Producing Party shall produce the following information: (i) the date the document was discarded or destroyed; (ii) the reason(s) the document was discarded or destroyed; (iii) the person(s) who discarded or destroyed the document; and (iv) where the document was maintained prior to its destruction.

8. Any document or materials requested herein that the Producing Party maintains in electronic form shall be produced in tagged image file format ("TIFF") or portable document format ("PDF") files with extracted full text for electronic documents, except that all spreadsheets, including but not limited to those created with Excel software, shall be produced in their native form. Additionally, metadata shall be provided with each electronic production.

9. The Foreign Representatives hereby reserve all rights to expand or supplement all requests for information and documents set forth herein.

## DEFINITIONS

1. "You" or "your" means and refers to the Producing Party, its present and former parents, subsidiaries, predecessors, members, affiliated entities, agents, representatives, officers, executives, partners, directors, investigators, consultants, researchers, contractors, employees, advisors, accountants and attorneys, and other persons acting, or who have acted, on its behalf or who are under its control.

3

      2.      "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

      3.      "Document" means the original and any nonidentical copy of the original, of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, wire transfers, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bankbooks, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, inter-office communications, letters, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.

4. "Communication" means transmittal of information by any means.

5. "Related to," "relate to," "relating to," "concerning" and "refer to" mean having any relationship or connection to or with, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical or causal connection.

6. "All," "each," "every" and "any" shall each be construed to mean all, each, every and any so as to be as expansive as possible.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all documents that might otherwise be construed to be outside of its scope.

8. "Including" means including but not limited to.

9. "Potentially Connected Entities" means: Accent Resources NL; Advance Move Investments Limited; Beijing Xiang Hong Xu Xing Technology Company Limited; Bounty Rich Limited; Clever Advance Limited; Fortune Power Management Company Limited; Fortune Power Trading Company Limited; Fortune Resources Trading Company Limited; Golden Bell Enterprises Limited; Grandmaster Fortune Limited; Harwich Gain Limited; High Insight Management Limited; Inner Mongolia Baotou Steel Rare-Earth (Corp) Hi Tech Co Limited; Intellect Joy Group Limited; Long King International Limited; Mission Bells Investments Limited; Pioneer Freight Assets I Company Limited; Pioneer Iron & Steel Group Company Limited (in Liquidation); Pioneer Metals Group Holdings Corporation; Pioneer Metals Holdings Company Limited; Pioneer Metals Logistics Company Limited; Pioneer Metals Management Limited; Pioneer Metals Resources Company Limited; Pioneer Metals Steel

5

Company Limited; Pioneer Steel & Resources Holdings Limited; Rich Concept International Inc.; Shi Gang International Trading (HK) Company Limited; Smart Triumph Corporation; Success Steel & Logistics Company Limited; Tang Shang Gangxi Steel Products Company Limited; United Iron & Steel; Wealth Partner Investments Limited; Xuan Gang International Trading (HK) Company Limited; YYF International Limited; Zenato Investments Limited; Zhuai YPM Pellet Company Limited; and Zhuhai Yueyufeng Iron and Steel Co. Limited.

## **REQUESTS**

1. All documents reflecting or relating to wires or transfers of funds or securities to or from the Company, or to or from banks or accounts acting on behalf of or belonging to the Company, during the period of January 1, 2008 through December 17, 2009.

2. All documents reflecting or relating to wires or transfers of funds or securities as to which both the transferor and the recipient was one of the Potentially Connected Entities, or banks or accounts acting on behalf of or belonging to any of the Potentially Connected Entities, during the period of January 1, 2008 through December 17, 2009.

3. All documents reflecting or relating to wires or transfers of funds or securities to or from Marine Trade SA, or to or from banks or accounts acting on behalf of or belonging to Marine Trade SA, during the period of May 1, 2007 through the present.